IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>HOSPIRA, INC.,<br><br>Defendant. | C.A. NO. 17-944-JFB-SRF<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") on claim construction (D.I. 179) and on defendant Hospira, Inc.'s ("Hospira") objections thereto (D.I. 184). Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, Inc. ("Par") subsequently filed a response to Hospira's Objections to the R&R urging the Court to adopt the R&R in its entirety (D.I. 188). Par manufactures and sells Adrenalin® brand epinephrine injection, which is used for emergency treatment of allergic reactions, including anaphylaxis. Hospira is seeking FDA approval to market a generic version of Par's Adrenalin® product ("Hospira's ANDA Product") prior to the expiration of Par's patents covering Adrenalin®, U.S. Patent Nos. 9,119,876 ("the '876 patent") and 9,295,657 ("the '657 patent") (together, "the Patents-in-Suit") (Exs. 1-2). Par contends that Hospira's ANDA Product infringes the Patents-in-Suit under 35 U.S.C. § 271(e)(2), and that the manufacture, use, offer for sale, sale, or importation of Hospira's ANDA Product will infringe the Patents-in-Suit under 35 U.S.C. §§ 271(a), (b), and/or (c). The Magistrate Judge appropriately conducted the proper analysis, and rightly concluded that the

specification description of each of these individual impurities informs their meaning. The Magistrate Judge's constructions track the discussion in the specification, which is entirely appropriate given the undisputed fact that the claim terms lack an ordinary meaning.

The R&R centers around three claim terms directed to unspecified degradants of epinephrine – "Impurity A," "Impurity B," and "Unknown C." The Magistrate Judge noted that the parties agreed that these three terms are "generic designations which have no plain and ordinary meaning." D.I. 179 at 7. The Magistrate Judge adopted the constructions proposed by Par and relied on extrinsic evidence including the written description and specification. The R&R rejected Hospira's contention that the terms are indefinite, instead finding that the specification informs a person of ordinary skill in the art of the meaning of the terms. *Id.* at 9. Hospira's arguments of failing to acknowledge the distinction between using the specification to interpret the meaning of a claim and importing limitations form the specification into the claim were also rejected.

Hospira objects to the Magistrate Judge's recommended claim construction. It argues that recommended constructions improperly import limitations from the specifications into the claims. It also challenges the Magistrate Judge's finding that the terms are not indefinite. Hospira argues that it has established that claims 12-13 and 16-18, in which the terms appear, are indefinite as a matter of law.

Par, on the other hand requests that the Court overrule Hospira's objections to the R&R and adopt the recommended claim construction in its entirety. It argues that the Magistrate Judge properly construed the disputed claim terms "Impurity A," "Impurity B," and "Unknown C," and found those terms to be definite.

2

## I. LAW

A District Court may modify or set aside any part of a Magistrate Judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)). "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

3

objection is made.'" *EEOC*, 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)). Review of the Magistrate Judge's legal conclusions is de novo or "plenary." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992).

      II.      Discussion.

The Court finds no error of fact or law in the Magistrate Judge's R&R. The Magistrate Judge appropriately conducted the proper analysis, and properly concluded that the specification's description of each of these individual impurities informs their meaning. The Magistrate Judge's constructions track the discussion in the specification, which is entirely appropriate given the undisputed fact that the claim terms lack an ordinary meaning.

Notably, Hospira did not propose an alternate construction, but argued only that the terms are indefinite. The Court agrees with the Magistrate Judge's analysis in that "the line between construing terms and importing limitations can be discerned with reasonable certainty and predictability if the court's focus remains on understanding how a person of ordinary skill in the art would understand the claim terms." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005). The Federal Circuit has "expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Id.* (noting the reason is "not just because section 112 of the Patent Act requires that the claims themselves set forth the limits of the patent grant, but also because persons of ordinary skill in the art rarely would confine their definitions of terms to the exact representations depicted in the embodiments"). The Magistrate Judge properly considered expert testimony on how a person of ordinary skill in the art would understand the terms.

The Court agrees with the Magistrate Judge's conclusion that "[t]he specifications of the patents-in-suit identify the chemical structures of Impurity A and Impurity B, as well as the chromatographic measurements of Unknown C, which is sufficient to provide a person of ordinary skill in the art with an objective standard." D.I. 179, R&R at 10. Her conclusion reflects the notion that

> the purposes of the specification are to teach and enable those of skill in the art to make and use the invention and to provide a best mode for doing so. One of the best ways to teach a person of ordinary skill in the art how to make and use the invention is to provide an example of how to practice the invention in a particular case.

*Phillips*, 415 F.3d at 1323.

Accordingly, the Court finds Hospira's objections to the R&R on claim construction should be overruled and the Magistrate Judge's R&R should be adopted in its entirety.

IT IS ORDERED:

1. Defendant Hospira, Inc.'s ("Hospira") objections (D.I. 184) are overruled.

2. Plaintiffs' response to defendant's objections (D.I. 188) is sustained.

3. The Magistrate Judge's Report and Recommendation on claim construction (D.I. 179) is adopted in its entirety.

4. Claim terms "Impurity A," "Impurity B," and "Unknown C," are construed as set forth in the Report and Recommendation of the Magistrate Judge (D.I. 179 at 12).

Dated this 3rd day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge