IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>HOSPIRA, INC.,<br><br>Defendant. | C.A. NO. 17-944-JFB-SRF<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiffs' objections (D.I. 139) to the Magistrate Judge's January 16, 2019, oral order (D.I. 139-1, Ex.5, Transcript ("Tr.") at 19-26) denying plaintiffs' letter request for sanctions (D.I. 124). This is a patent infringement case arising under the Hatch-Waxman Act, 21 U.S.C. § 355 and 35 U.S.C. § 271(e).

Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively, "Plaintiffs" or "Par") manufactures and sells Adrenalin® brand epinephrine injection, which is used for emergency treatment of allergic reactions, including anaphylaxis. The defendant, Hospira, Inc. ("Hospira") is seeking FDA approval to market a generic version of Par's Adrenalin® product ("Hospira's ANDA Product") prior to the expiration of Par's patents covering Adrenalin®, U.S. Patent Nos. 9,119,876 ("the '876 patent") and 9,295,657 ("the '657 patent") (together, "the Patents-in-Suit") (D.I. 1, Exs. 1-2). The patents-in-suit are directed to epinephrine compositions (and methods of using such compositions) comprising particular components and having certain levels of impurities after storage for 18 months.

Par's motion for sanctions is based on Hospira's refusal to produce requested samples of Hospira's ANDA Product to plaintiffs for its infringement analysis. The requested samples expired in December 2017. In April 2018, Par filed a letter to compel Hospira to produce samples of its ANDA product. The Magistrate Judge denied Par's request for the samples on the basis that they had expired but ordered Hospira to produce relevant stability data and testing on the ANDA product, including testing "under the conditions specified by claims 12-19 of the patents-in-suit." D.I. 54.

While the parties were actively disputing the samples issue, in March 2018, Hospira manufactured additional stability studies with a new pilot batch. Par contends that Hospira wrongfully failed to produce any pilot batch samples at the time, or to notify Par of the existence of those samples. Par requested samples upon learning of the newly manufactured pilot plant batch after a 30(b)(6) deposition (D.I. 124). Hospira refused, asserting that the batch was "not representative of the ANDA product," and further, that samples "are no longer available." *Id.* There is evidence that Hospira prepared the laboratory batch at issue for the limited purpose of providing data to the FDA regarding the light protection offered by the container closure system of Hospira's ANDA product. Par sought sanctions based on Hospira's alleged spoliation of samples from the pilot plant batch (D.I. 124).

The Magistrate Judge denied Par's request for sanctions, finding that the criteria for spoliation had not been met, and that the requested sanctions were disproportionate to the fact that the pilot plant batch samples were no longer available. The Magistrate Judge found the pilot plant batch was "not representative of the product that Hospira seeks approval to sell" and concluded that "egregious conduct such as fraud or a desire

2

to suppress the truth" had not occurred. D.I. 139-1, Ex. 5, Tr. at 21. The Magistrate Judge made the factual finding that the "pilot plant manufacturing the batch is an R&D development facility and not a GMP facility for exhibit batches or commercial batches. And as a result, the controls for particulates are not as astringent [sic] as those in a GMP manufacturing facility," and "the purpose of this was to respond to that [FDA] inquiry for photostability testing." D.I. 139-1, Ex. 5, Tr. at 23. She concluded that "it appears to me that this is not representative of the ANDA product," and that Dr. Eric Zhang had "adequately explained the difference between exhibit batches and laboratory batches and why the laboratory batch at issue here is not representative of the product Hospira seeks approval to sell." *Id.* at 24.

The plaintiffs challenge the Magistrate Judge's conclusion that the pilot plant batch is not representative of Hospira's ANDA product, contending it is contrary to Federal Circuit case law holding that the ANDA infringement inquiry is not limited to any particular type of sample, and that all relevant information may be considered. They also contend the Magistrate Judge's finding of no bad faith was an error.

Hospira, on the other hand contends that the Magistrate Judge's factual findings are correct—Hospira did not withhold relevant evidence, did not act in bad faith, and did not prejudice the plaintiffs. It relies on the contention that it has maintained since the outset of this litigation that the issue of infringement in this case is capable of being resolved on the basis of its ANDA alone and does not require the production of samples. The Magistrate Judge agrees that "there is no assertion in the present case that the ANDA itself is insufficient to establish the formulation of the ANDA product." D.I. 54, Memorandum and Order at 5.

I.  LAW

A District Court may modify or set aside any part of a Magistrate Judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)). "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC,*

4

866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)).  Review of the Magistrate Judge's legal conclusions is de novo or "plenary."  *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992).

Spoliation requires the following factors: "[1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party."  *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73-74 (3d Cir. 2012).  To determine what sanction is warranted for spoliation, the Court considers three factors: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction which will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Id.* at 74 n.5 (citation omitted).

II. DISCUSSION

The Court has conducted a de novo review and agrees with the Magistrate Judge's conclusion that Hospira had not engaged in spoliation and no sanction should be imposed.  The Court finds no error in the Magistrate Judge's determination that the laboratory batch was not prepared as is specified in Hospira's ANDA and the samples were not representative of the ANDA product that would be sold pending approval of the ANDA and thus were not relevant evidence.  Further, the Court agrees that evidence of bad faith is lacking given Hospira's use of the laboratory batch samples in required testing.  Par has not shown prejudice as a result of any spoliation since Hospira's ANDA provides sufficient information to adjudicate infringement, and because Plaintiffs' expert prepared

5

and tested purportedly-representative samples which could be offered into evidence. Accordingly, Par's objections will be overruled, and the Magistrate Judge's order will be adopted in all respects.

IT IS ORDERED:

1. The plaintiffs' objections (D.I. 139) are overruled.

2. The Magistrate Judge's oral order (D.I. 139-1, Ex. 5, Tr. at 19-26) is affirmed and adopted in all respects.

3. The plaintiffs' letter request for sanctions (D.I. 124) is denied.

Dated this 3rd day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge