IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>HOSPIRA, INC.,<br><br>Defendant. | C.A. NO. 17-944-JFB-SRF<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, Inc. (collectively, "Par Pharma") Motion in Limine to Preclude Hospira from Attempting to Re-Construe the Agreed-Upon Construction of the Claim Term "About." D.I. 193. This is an action for patent infringement under the Hatch-Waxman Act, 21 U.S.C. § 355 and 35 U.S.C. § 271(e). The action relates to Abbreviated New Drug Application ("ANDA") No. 208908, which was filed by Hospira with the U.S. Food and Drug Administration ("FDA") seeking approval to market generic versions of Par's Adrenalin® epinephrine injection, 1 mg/mL ("the ANDA product") prior to the expiration of the patents-in-suit. In its complaint, Par Pharma alleges infringement of U.S. Patent Nos. 9,119,876 ("the '876 patent") and 9,295,657 ("the '"657 patent") (together, the "patents-in-suit").

The parties agreed to construe the term "about" as having its "[p]lain and ordinary meaning; i.e., approximately." Hospira states it intends to prove that the plain and ordinary meaning of "about" does not extend the claimed range to cover Hospira's ANDA Product, which contains 9 mg/mL of sodium chloride.

Par Pharma asks the Court to preclude Hospira from offering any argument or expert testimony that relies on the subsequent related prosecution of additional patents to assert that the term "about" refers to a particular numerical boundary. It contends that any such reliance would amount to improper re-arguing of claim construction. Par Pharma argues that because a claim term must be evaluated from the perspective of an ordinarily skilled artisan as of the effective filing date, subsequent prosecution history or statements would not be relevant to the inquiry.

Hospira, Inc. ("Hospira") contends that it does not seek to re-argue claim construction or to advance any contention "that the term 'about' has a strict numerical limit of 8.5 mg/ml," but it intends to introduce evidence and elicit testimony to establish the plain and ordinary meaning of the term "about" from the perspective of a person of ordinary skill in the art ("POSA"), including statements made by the patentees in the context of the related patent application.

Earlier in this action, the United States Magistrate Judge denied Hospira's request for leave to file a motion for summary judgment of non-infringement, noting that

> [t]he parties' dispute centers on whether or not the 9 mg/mL amount of sodium chloride contained in the ANDA product falls within the scope of the claimed "in the range of about 6 to 8 mg/mL of a tonicity regulating agent" in the patents-in-suit, either for purposes of literal infringement or under the doctrine of equivalents.

[D.I. 78](D.I. 78), Memorandum Order at 3. The Magistrate Judge relied on the parties' agreement to "construe 'about' as having its '[p ]lain and ordinary meaning, i.e., approximately,' which does not expressly limit the term to 'less than 8.5 mg/mL' of a tonicity regulating agent." Hospira's summary judgment motion would have been premised on the contention that Hospira's ANDA Product does not contain "in the range of about 6 to 8 mg/mL of a tonicity regulating agent" because, by the inventors' own admission, the tonicity regulating agent

limitation cannot stretch so far as to encompass Hospira's ANDA Product, which contains 9 mg/mL of sodium chloride as tonicity regulating agent. Hospira would have relied on four additional patent applications claiming priority to one of the asserted patents to show that "the inventors clearly and explicitly asserted to the Patent Office that a claim limitation requiring 'in the range of about 6 to about 8 mg/mL' of a tonicity regulating agent did not encompass a formulation comprising a target concentration of 8.5 mg/mL of such an agent, because 8.5 mg/mL was outside the claimed range." D.I. 84, Objections at 3. This Court affirmed the Magistrate Judge's finding that statements made during prosecution of two child applications filed after the issuance of the parent patents-in-suit did not reflect a binding disclaimer of claim scope. D.I. 78, Memorandum Order at 3; D.I. 103, Memorandum and Order at 4. The Magistrate Judge stated that

> [f]act and expert discovery are necessary to determine whether the 9 mg/mL target amount of tonicity regulating agent in the ANDA product is "approximately" 8 mg/mL. The record reflects that Hospira allows for 96% of the nominal target amount of tonicity regulating agent, which is 8.64 mg/mL (D.I. 72, Ex. 1; Ex. 2 at Ex. A). Par should also be given the opportunity to develop a full factual record regarding whether the sodium chloride used in Hospira's ANDA product is equivalent to the claimed tonicity regulating agent.

*Id.* The Court noted that to do other than affirm "at this point would in fact change the current claim construction." D.I. 103, Memorandum and Order at 4.

The record shows there are competing expert opinions on the issue of whether Hospira's ANDA product is encompassed by the claimed range of "about 6 to 8 mg/mL," a limitation of each asserted claim of the two patents-in-suit. D.I. 194-1 and D.I. 194-2. To the extent the plaintiff's expert relies on subsequent prosecution history, it is only to confirm the opinions he expresses. D.I. 194-1, Expert Report at 5.

I.  LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings—performing a gatekeeping function and sharpening the focus for later trial proceedings—some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment.  *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id*.  In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence.  *Id*.

However, trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial.  See *First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 328 (8th Cir. 1990); *Builders Steel Co. v. Comm'r*, 179 F.2d 377, 379 (8th Cir. 1950).  In bench trials, evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law.  *Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 594 (8th Cir. 1981).  In a nonjury case, the trial court is presumed to consider only the competent evidence.  *First Am. State Bank*, 897 F.2d at 328.  Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate."  *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985).

Also, "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial."  *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000); *see also Leonard v. Stemtech*

*Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (noting that evidentiary rulings, especially those that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context).

The extent of the term "about" must be determined using a functional approach because it is "impossible to 'capture the essence' of the claimed invention in strict numeric terms." *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1369-71 (Fed. Cir. 2008). The determination of how far "about" extends requires a factual inquiry as to the purpose of the limitation. *Id.* at 1368; *see also Liqwd, Inc. v. L'Oréal USA, Inc.*, No. 17-14-JFB-SRF, 2019 WL 1977367, at *5 (D. Del. May 2, 2019)(" [T]he scope of the term "about" is not a "strict numerical boundary to the specified parameter.").

II. DISCUSSION

The Court is unable to assess the relevance of the proffered testimony in the context of a motion in limine. Accordingly, the Court finds the motion should be denied at this time without prejudice to reassertion. Because this is a trial to the Court, Par Pharma's concerns are less compelling. Its argument would have more force if a jury were involved and there was a danger of confusion, misunderstanding, or misapplication of the law.

An expert's testimony as to the meaning of the claim terms is context dependent. The parties' experts will be allowed to present their respective interpretations of the scope of the claim term "about." To the extent the evidence is irrelevant or unduly prejudicial, it will not be credited by the Court. Similarly, the Court will not credit testimony that extends into the realm of claim construction or that is at odds with the parties' agreed construction.

Needless to say, the parties are bound by the agreed claim construction and will not be permitted to re-argue the meaning of "about." It appears, however, that although the parties agreed to define "about" as "approximately," the parameters of "approximately" remain to be determined in the context of the purpose and function of the claim limitation. The relevance of subsequent history can be addressed via timely objections at trial. Accordingly, the Court finds Par Pharma's motion in limine should be denied at this time without prejudice to reassertion.

IT IS ORDERED:

1. Plaintiffs' Motion in Limine (D.I. 193) is denied without prejudice to reassertion.

Dated this 21st day of June, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge